KNOLL, Judge.
We granted writs on the application of the defendants, Earl E. Clark, Jr., and Bret K. Yerrett, who were convicted of taking deer during closed season in violation of LSA-R.S. 56:123(C). The sole issue is whether the defendants were improperly sentenced under an unconstitutional statute. We affirm in part, reverse in part, and remand.
The facts of this case are reported in our recent opinion, State v. Clark, at 454 So.2d 232 (La.App. 3rd Cir.1984), writ denied, 456 So.2d 1012.
Defendants filed a motion to quash contending the applicable penalty provision, LSA-R.S. 56:34, was unconstitutional for failure to designate a maximum fine. After a" hearing, the trial court denied the motion. Each defendant entered a plea of guilty to a violation of R.S. 56:123(C), but reserved his right to appeal. [State v. Crosby, 338 So.2d 584 (La.1976).] The trial court sentenced each defendant under LSA-R.S. 56:34 as follows: to pay a fine of $500 and costs, and in default thereof to serve 90 days in the parish prison; suspension of hunting licenses for the year of 1984-1985; forfeiture of all property seized in connection with the offense; and to serve 120 days in jail, suspended on the condition that the fine is paid. On appeal each defendant seeks a reversal of his conviction and sentence, urging that the trial court erred in denying the motion to quash.
LSA-R.S. 56:34, in effect at the time of the offenses, provided the following penalties for class four violations, for which defendants were convicted under R.S. 56:123(C):

“The following penalties shall be imposed for a class four violation: For the first offense, the fine shall be not less than five hundred dollars, or imprisonment for not more than one hundred twenty days, or both; for the second offense, the fine shall be not less than seven hundred fifty dollars, nor 
*604
more than three thousand dollars, and imprisonment for not less than ninety days nor more than one hundred eighty days; for the third offense, the fine shall be not less than one thousand dollars, nor more than five thousand dollars, and imprisonment for not less than one hundred eighty days nor more than two years. The above penalties in all cases shall include forfeiture to the commission of anything seized in connection with the violation.” (Emphasis added.)

In State v. Goode, 380 So.2d 1361 (La. 1980), the Supreme Court held that a statute which provided a minimum term of imprisonment but no maximum term was an excessive punishment and thus violated this state’s constitutional prohibition of excessive punishment as found in Article 1 § 20 of the Louisiana Constitution of 1974. In State v. LeCompte, 406 So.2d 1300 (La. 1981), the Court extended Goode to statutes which provide no maximum fine.
It is fundamental that a statute may be constitutional in one part and unconstitutional in another, and if the invalid part is severable from the rest, the portion which is constitutional may stand while that which is unconstitutional is stricken and rejected. Whenever a statute contains unobjectionable provisions severable from those found to be unconstitutional, it is the duty of the court to so declare and to maintain the act insofar as it is valid. State v. Cox, 352 So.2d 638 (La.1977). We find the statute at issue unconstitutional only insofar as it provides no maximum fine; the statute is constitutional in all other respects.
Louisiana Act No. 837 of 1981, which amends and reenacts R.S. 56:34, provides the following severability clause:
“Section 5. If any provision or item of this Act or the application thereof is held invalid, such invalidity shall not affect other provisions, items, or applications of this Act which can be given effect without the invalid provisions, items, or applications, and to this end the provisions of this Act are hereby declared severable. ”
A severability clause within an enactment creates a presumption of the enactment’s severability in fact. Guidry v. Roberts, 335 So.2d 438 (La.1976). We hereby sever the unconstitutional portion of the statute that provides for only a minimum fine, thus permitting to remain only that portion of the statute providing for a term of imprisonment. State v. LeCompte, supra. With the unconstitutional minimum fine excised, the remainder of the statute still accomplishes the legislative purpose, therefore fulfilling the requirements of sever-ability. State v. LeCompte, supra; State v. Johnson, 343 So.2d 705 (La.1977).
DECREE
For the foregoing reasons, we affirm the convictions of defendants, Earl E. Clark, Jr. and Bret K. Verrett. The ruling of the trial court denying defendants’ motions to quash is affirmed. We hereby vacate and set aside defendants’ sentences and remand this case to the trial court for re-sentencing under the remaining constitutional portion of the statute providing for a term of imprisonment.
CONVICTIONS AFFIRMED; SENTENCES VACATED AND SET ASIDE; CASE REMANDED FOR RE-SENTENCING.