380 So.2d 1361 (1980)
STATE of Louisiana
v.
Robert H. GOODE, Jr.
No. 65879.
Supreme Court of Louisiana.
March 3, 1980.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Johnny C. Parkerson, Dist. Atty., Walter L. Perkins, Jr., Asst. Dist. Atty., for plaintiff-respondent.
James A. Hobbs, Blackwell, Chambliss, Hobbs & Henry, West Monroe, for defendant-relator.
*1362 DIXON, Justice.[*]
On March 2, 1979 defendant was charged with simple battery of a person over the age of sixty-five in violation of R.S. 14:35 and 14:50.1. Defendant filed a motion to quash, alleging that R.S. 14:50.1 is unconstitutional because it subjects the defendant to excessive punishment for the crime of simple battery in violation of Article I, Section 20 of the Louisiana Constitution of 1974. The motion to quash was overruled and defendant's application for writs was granted, staying the proceedings in the district court pending this decision.
The question to be decided is whether R.S. 14:50.1 is unconstitutional under Article I, Section 20 of the Louisiana Constitution of 1974 which prohibits excessive punishment.
R.S. 14:50.1 provides:
"Notwithstanding any other provisions of law to the contrary, any person who is convicted of manslaughter, simple rape, forcible rape, aggravated assault, aggravated battery, simple battery, aggravated kidnapping, simple kidnapping, or false imprisonment or any attempt to commit the aforementioned crimes where a victim of any such crime is sixty-five years of age or older shall in addition to any other penalty imposed, serve a minimum of five years without benefit of parole, probation or suspension of sentence and adjudication of guilt or imposition of sentence shall not be suspended, and lack of knowledge of the victim's age shall not be a defense.
Such sentence shall be consecutive to any other sentence imposed for violation of the provisions of any state criminal law."
The statute mandates a minimum of five additional consecutive years without benefit of parole, probation or suspension of sentence for certain crimes committed against the person of an individual sixty-five years of age or older. There is no maximum. The legislature has determined that this group of people is particularly vulnerable to crimes against the person and has mandated enhanced penalties for these crimes.[1] Although the legislative motive is *1363 commendable, the statute suffers from some contradictions in the particular crimes which are included. For example, aggravated kidnapping already carries a mandatory life sentence. Aggravated battery and simple battery are both included in the statute, but second degree battery, which was added to the Criminal Code in 1978, has not yet been included. Simple robbery, R.S. 14:65, and purse snatching, R.S. 14:65.1, crimes frequently committed upon persons over sixty-five years old, are not included in the statute. However, the statute is not unconstitutional because of these apparent internal inconsistencies.
The sentencing provisions of the statute raise a more important issue. R.S. 14:50.1 can properly be viewed as an enhancement statute similar to the Habitual Offender Statute, 15:529.1, which provides for enhanced penalties for second and subsequent offenses. But unlike the enhanced penalties challenged here, those enhanced penalties are related to the sentence for the basic crime. The Habitual Offender Statute has long been upheld by this court against the attack that it inflicts cruel and unusual punishment, because it is a recidivist statute. State v. King, 355 So.2d 1305 (La.1978); State v. Williams, 326 So.2d 815 (La.1976); State v. Vale, 252 La. 1056, 215 So.2d 811 (1968). In contrast, a defendant charged under R.S. 14:50.1 might have committed only one offense but will receive an enhanced penalty because of the age of the victim. Nevertheless, the fact that the enhancement is triggered by the age of the victim does not render the statute unconstitutional.
Defendant's main contention is that the penalty provided for in the statute is excessive under Article I, Section 20 of the Louisiana Constitution of 1974, which provides in part: "No law shall subject any person... to cruel, excessive, or unusual punishment." The deliberate inclusion by the redactors of the Constitution of a prohibition against "excessive" as well as cruel and unusual punishment broadened the duty of this court to review the sentencing aspects of criminal statutes. In "The Declaration of Rights," 21 Loyola L.Rev. 9, 39 (1975), one of the co-authors of the Constitutional Convention's Declaration of Rights, now Article I of the Louisiana Constitution of 1974, wrote: "This standard allows the courts to avoid strained interpretations of what is cruel and unusual punishment, in order to reach the sometimes more important question of whether the punishment does, in fact, fit the crime."
In contrast with Louisiana's Section 20, the United States Constitution does not in terms prohibit "excessive" punishment. The Eighth Amendment reads: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." Although there is no mention of a prohibition against "excessive" *1364 punishment, decisions of the United States Supreme Court indicate that the notion of cruel and unusual punishment includes an element of excessiveness. In Weems v. United States, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910), that court stated that it is a precept of fundamental law that punishment for crime should be graduated and proportioned to the offense. In determining what is excessive punishment under the Eighth Amendment's prohibition against cruel and unusual punishment, the United States Supreme Court in recent years has adopted a standard that a sentence is excessive when it is grossly out of proportion to the severity of the crime. Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977); Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976). Under the standards set forth in Gregg, a punishment is "excessive" and unconstitutional if it (1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime. In Gregg the court upheld the death penalty for deliberate murder, but in Coker the court concluded that a sentence of death is grossly disproportionate and excessive punishment for the crime of rape and is forbidden by the Eighth Amendment as cruel and unusual punishment.
In a concurring opinion (by Justice Tate) in State v. Williams, 340 So.2d 1382 (La.1977), it was noted that the Louisiana prohibition against excessive punishment was intended to prohibit a level of punishment out of proportion with the offense. Thus in determining what is excessive punishment both under the federal and our state constitutions the harshness of the penalty must be compared with the severity of the offense.
Under this analysis, R.S. 14:50.1 suffers from two infirmities. The mandatory nature of the penalty can result in a sentence which is disproportionate to the severity of a particular crime. The United States Supreme Court has held that unconstitutional excessiveness may result from the automatic imposition of a harsh penalty for all transgressions whatever the circumstances of the crime or the background of the individual offender. Woodson v. North Carolina, 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976). A sentence of five additional consecutive years without benefit of parole, probation or suspension of sentence becomes excessive when a defendant, as here, is charged with a relatively minor misdemeanor, simple battery, which itself carries only a maximum sentence of six months. Although a simple battery on an elderly person could result in serious medical and psychological consequences to the victim, the mandatory minimum sentence of five years in addition to the sentence for the underlying offense fails to meet the test of being proportionate to the offense.
Furthermore, the statute fails to proscribe a maximum sentence which the court can impose; it merely provides for a minimum of five additional years. Therefore, a defendant charged under this statute could be faced with serving up to a life sentence, in addition to the sentence for the underlying offense. This possibility illustrates that the nature of the penalty provided for in the statute is unusually severe when compared with some of the offenses which are included in the statute, such as simple battery. A life sentence for simple battery is unquestionably disproportionate to the severity of the offense.
R.S. 14:50.1 is in violation of Article I, Section 20 of the Louisiana Constitution of 1974 prohibiting excessive punishment and therefore unconstitutional. The judgment of the district court overruling the motion to quash is reversed, and the prosecution under R.S. 14:50.1 is dismissed.
WATSON, J., concurs in the result.
MARCUS and DENNIS, J., concur in part and dissent in part and assign reasons.
BLANCHE, J., concurs in part and dissents in part for reasons assigned by MARCUS, J.
*1365 MARCUS, Justice (concurring in part and dissenting in part).
I agree with the majority that in determining what is excessive punishment under both the federal and our state constitutions the harshness of the penalty must be compared with the severity of the offense, and that a mandatory sentence of five additional consecutive years without benefit of parole, probation or suspension of sentence is excessive where, as here, a defendant is charged with simple battery, a relatively minor misdemeanor which itself carries only a maximum sentence of six months. However, because an additional five year sentence is excessive and hence unconstitutional, I consider it unnecessary to determine the effect of the lack of a maximum term in La.R.S. 14:50.1. Additionally, although I consider the inclusion of simple battery in La.R.S. 14:50.1 to be invalid, such invalidity does not affect other provisions, items or applications of La.R.S. 14:50.1 which can be given effect without the inclusion of simple battery. Thus, the term "simple battery" can be severed from La.R.S. 14:50.1. See 1977 La.Acts No. 506 (source of La.R.S. 14:50.1). Therefore, in my view, we need hold only that La.R.S. 14:50.1 is unconstitutional insofar as it applies to simple battery.
Accordingly, I concur with the majority insofar as it reverses the judgment of the district court overruling the motion to quash and dismisses the prosecution under La.R.S. 14:50.1; however, I dissent insofar as it declares La.R.S. 14:50.1 totally unconstitutional.
DENNIS, Justice, concurring in part and dissenting in part.
I respectfully concur with the majority opinion insofar as it declares unconstitutionally excessive a minimum five-year penalty for the offense of simple battery but I dissent from the holding barring similar punishment for other more violent offenses against elderly citizens.
NOTES
[*] Chief Judge Paul B. Landry, Retired, participated in this decision as an Associate Justice Ad Hoc.
[1] A survey of the other forty-nine states revealed that only three other states have enacted laws similar to R.S. 14:50.1. The states and their respective statutes follow:

California Penal Code:
"§ 1203.09 Crimes against persons 60 years of age or older, blind persons, paraplegics or quadriplegics; denial of probation and suspension of sentence
(a) Notwithstanding any other provision of law, probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, any person who commits or attempts to commit one or more of the crimes listed in subdivision (b) against a person who is 60 years of age or older; or against a person who is blind, a paraplegic, or a quadriplegic, and such disability is known or reasonably should be known to the person committing the crime; and who during the course of the offense inflicts great bodily injury upon such person.
(b) Subdivision (a) applies to the following crimes:
(i) Murder.
(ii) Assault with intent to commit murder, in violation of Section 217.
(iii) Robbery, in violation of Section 211.
(iv) Kidnapping, in violation of Section 207.
(v) Kidnapping for ransom, extortion, or robbery, in violation of Section 209.
(vi) Burglary of the first degree, as defined in Section 460.
(vii) Rape by force or violence, in violation of subdivision (2) of Section 261.
(viii) Rape by threat of great and immediate bodily harm, in violation of subdivision (3) of Section 261.
(ix) Assault with intent to commit rape, sodomy, or robbery, in violation of Section 220."
Connecticut Penal Code:
"§ 53a-59a. Assault of a victim sixty or older in the first degree. Class B felony
(a) A person is guilty of assault of a victim sixty or older in the first degree, when he commits assault in the first degree under section 53a-59(a)(2) or 53a-59(a)(3) and the victim of such assault has attained at least sixty years of age or is blind or physically disabled, as defined in section 1-1f.
(b) No person shall be found guilty of assault in the first degree and assault of a victim sixty or older in the first degree upon the same incident of assault but such person may be charged and prosecuted for both such offenses upon the same information.
(c) Assault of a victim sixty or older in the first degree is a class B felony. (1977, P.A. 77-422, § 1.)"
Hawaii Penal Code:
"§ 706-661 Sentence of imprisonment for felony; extended terms. In the cases designated in section 706-662, a person who has been convicted of a felony may be sentenced to an extended indeterminate term of imprisonment. When ordering such a sentence, the court shall impose the maximum length of imprisonment which shall be as follows:
(1) For a class A felonylife;
(2) For a class B felonytwenty years; and
(3) For a class C felonyten years.
The minimum length of imprisonment shall be determined by the board of paroles and pardons in accordance with section 706-669. [L 1972, c 9, pt of § 1]
§ 706-662 Criteria for sentence of extended term of imprisonment for felony. The court may sentence a person who has been convicted of a felony to an extended term of imprisonment if it finds one or more of the grounds specified in this section. The finding of the court shall be incorporated in the record.
(5) Offender against elderly or handicapped. The defendant is an offender against the elderly or handicapped whose commitment for an extended term is necessary for the protection of the public. The court shall not make such a finding unless:
(a) The defendant inflicts serious bodily injury upon a person who is sixty years of age or older; or against a person who is blind, a paraplegic, or a quadriplegic; and
(b) Such disability is known or reasonably should be known to the defendant; and
(c) The defendant attempts or commits any of the following crimes: murder, rape, robbery, felonious assault, burglary and kidnapping. [am L 1978, c 210, § 1]"