584 So.2d 1238 (1991)
STATE of Louisiana, Appellee,
v.
Gilbert W. HOOD, Appellant.
STATE of Louisiana, Appellee,
v.
Shepeard HOOD, Appellant.
Nos. 22671-KA, 22672-KA.
Court of Appeal of Louisiana, Second Circuit.
August 21, 1991.
*1239 R.H. Madden, III, Ruston, for appellants.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Walter E. May, Jr., Dist. Atty., Jonesboro, John Michael Ruddick, Asst. Dist. Atty., Haynesville, for appellee.
Before SEXTON, NORRIS and BROWN, JJ.
SEXTON, Judge.
We hereby consolidate these two criminal appeals in which two defendants appeal the district court's denial of their motions to quash similar bills of information charging them each with five counts of taking game fish with wire baskets in violation of LSA-R.S. 56:320 A. Following the denial of their motions, the defendants entered Crosby pleas[1] to the charged offenses, reserving their rights to reurge their constitutional arguments on appeal. We affirm in part, vacate in part, and remand.
After dozens of complaints were made to the Louisiana Department of Wildlife and Fisheries over a long period of time regarding defendants' use of wire baskets to take game fish, several wildlife agents from the department conducted a lengthy investigation which resulted in the arrest of the defendants on April 26, 1990. The investigation involved locating the wire baskets in Lake Claiborne and maintaining surveillance on them until the defendants were observed raising the baskets, removing game fish from them and placing them into *1240 an ice chest. At the time of the arrests, five wire baskets were confiscated.
According to the presentence investigation (PSI) reports, defendants are well-known to wildlife and fisheries officials because of numerous reports from private citizens regarding their hunting and fishing activities. Some time after the arrests of the defendants, the water level of Lake Claiborne was lowered and agents located nine wire baskets identical in material and workmanship to the five confiscated at the time of the arrests of the defendants.
A biologist with the Department of Wildlife and Fisheries indicated to the probation and parole officer preparing the PSIs that the real damage done by wire baskets of the nature used by the defendants is that the game fish population is depleted by the taking of numerous fish with eggs in them.
Defendants filed similar motions to quash, alleging that the bills of information failed to charge an offense punishable under a valid statute, that the statute under which they were charged was unconstitutionally vague, general and indefinite, that the penalty provision subjects the defendants to excessive and unusual punishment, that the statute violates the defendants' due process and equal protection rights and, finally, that the statute subjects defendants to double jeopardy insofar as they had already been assessed a civil fine by the Louisiana Department of Wildlife and Fisheries for the same offense.
After the motions to quash were denied by the district court, defendants withdrew their pleas of not guilty and pled guilty to the charged offenses, reserving their rights to appeal the district court's ruling on their motions to quash.
Following PSIs, defendants were each sentenced to six months in jail on each count, plus a fine of $500 and costs on each count. Although the jail time was ordered to be served concurrently, the fines appear to have been imposed consecutively.[2]
The last four months of each sentence were suspended and the defendants were placed on supervised probation for one year and unsupervised probation for two years, with a special condition of probation that defendants not fish for three years and not hunt for one year.
Defendants now bring this appeal, restricting their argument to their assertion that the penalty provided in LSA-R.S. 56:346 for violations of LSA-R.S. 56:320 is excessive under La. Const. Art. I, § 20, which provides, in part, that "[n]o law shall subject any person ... to cruel, excessive, or unusual punishment."
Specifically, defendants complain of the provision of LSA-R.S. 56:346, which provides that the period of incarceration called for in the statute (sixty days to twelve months) is to be assessed "without suspension thereof."[3] They complain the penalty is patently disproportionate to the harm done to society, especially when this penalty is compared and contrasted with criminal penalties contained elsewhere in Louisiana's statutory law. Defendants argue that such a punishment is clearly excessive when one considers that the civil fine imposed on them, based on the value of the fish confiscated at the time of the arrest, was only $55.45, and that their background makes incarceration inappropriate.
The state argues that the penalty provision in LSA-R.S. 56:346 is reasonably related to preventing the deterioration of the state's wildlife resources. The attorney general, who filed a brief in this matter pursuant to LSA-R.S. 13:4448, argues that the statute provides the district court with ample discretion, including the alternative of using home incarceration, rather than actual imprisonment, as was done in this *1241 case in accordance with LSA-C.Cr.P. Art. 894.2.
Defendants pled guilty to five counts of violating LSA-R.S. 56:320A which prohibits the taking of game fish by any method other than those specifically enumerated therein. Anyone violating this provision "shall for each offense, be imprisoned for not less than sixty days nor more than twelve months without suspension thereof, and in addition, at the discretion of the court, may be fined not less than one hundred dollars nor more than five hundred dollars." LSA-R.S. 56:346 (emphasis added).
Mandatory sentences generally fall within the legislature's prerogative to determine the length of sentences for crimes. Cf. State v. Patterson, 572 So.2d 1144 (La.App. 1st Cir.1990), writ denied, 577 So.2d 11 (La.1991), on legislative prerogative regarding felonies. The legislature's authority is plenary and its determinations on punishment for crime is vested with the presumption of constitutionality, State v. Dazet, 378 So.2d 1369 (La.1979), cert. denied, 449 U.S. 842, 101 S.Ct. 123, 66 L.Ed.2d 50 (1980), and any doubt is to be resolved in the statute's favor. State in the Interest of JAV, 558 So.2d 214 (La. 1990). The burden of proving that an act is unconstitutional is upon the party attacking the act. Moore v. Roemer, 567 So.2d 75 (La.1990).
Thus, the precise issue with which we are confronted is whether the defendants have sustained their burden of overcoming the presumption of the statute's constitutionality by showing that it (1) makes no measurable contribution to acceptable goals of punishment and is therefore nothing more than the purposeless and needless imposition of pain and suffering, or (2) is grossly out of proportion to the severity of the crime. We hold that the defendants have failed to sustain this burden.
Defendants argue that the instant case is "on all fours" with State v. Goode, 380 So.2d 1361 (La.1980). In Goode, defendant was charged with simple battery of a person over the age of 65 in violation of LSA-R.S. 14:35 and 14:50.1. The Goode defendant filed a motion to quash, alleging that Section 50.1 was unconstitutional because it subjected defendant to excessive punishment in violation of Louisiana's constitution.
Section 50.1 is a sentencing enhancement statute which adds a minimum term of five years imprisonment, without benefit of probation, parole, or suspension of sentence, to anyone convicted of certain enumerated crimes against a victim 65 years of age or older, in addition to whatever sentence is imposed for the enumerated crime.
In Goode, the supreme court held Section 50.1 unconstitutional because the mandatory nature of the penalty could result in a sentence disproportionate to the severity of a particular crime. This flaw was well illustrated by the facts in Goode, where the defendant was faced with a mandatory five additional years in prison because his victim was age 65 or older, where the penalty for the enumerated crime, simple battery, a relatively minor misdemeanor, carried a maximum sentence of only six months.[4]
The Goode court elaborated:
The deliberate inclusion by the redactors of the Constitution of a prohibition against "excessive" as well as cruel and unusual punishment broadened the duty of this court to review the sentencing aspects of criminal statutes. In "The Declaration of Rights," 21 Loyola L.Rev. 9, 39 (1975), one of the co-authors of the Constitutional Convention's Declaration of Rights, now Article I of the Louisiana Constitution of 1974, wrote: "This standard allows the courts to avoid strained interpretations of what is cruel and unusual punishment, in order to reach the sometimes more important question of whether the punishment does, in fact, fit the crime."

*1242 In contrast with Louisiana's Section 20, the United States Constitution does not in terms prohibit "excessive" punishment. The Eighth Amendment reads: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." Although there is no mention of a prohibition against "excessive" punishment, decisions of the United States Supreme Court indicate that the notion of cruel and unusual punishment includes an element of excessiveness. In Weems v. United States, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910), that court stated that it is a precept of fundamental law that punishment for crime should be graduated and proportioned to the offense. In determining what is excessive punishment under the Eighth Amendment's prohibition against cruel and unusual punishment, the United States Supreme Court in recent years has adopted a standard that a sentence is excessive when it is grossly out of proportion to the severity of the crime. Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977); Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976). Under the standards set forth in Gregg, a punishment is "excessive" and unconstitutional if it (1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime....
[T]he Louisiana prohibition against excessive punishment was intended to prohibit a level of punishment out of proportion with the offense. Thus in determining what is excessive punishment both under the federal and our state constitutions the harshness of the penalty must be compared with the severity of the offense.
... The United States Supreme Court has held that unconstitutional excessiveness may result from the automatic imposition of a harsh penalty for all transgressions whatever the circumstances of the crime or the background of the individual offender.
State v. Goode, supra at 1363-4.
In the instant case, defendants faced a mandatory 60 days in jail on each charge "without suspension thereof." They argue that this denial of discretion to the sentencing judge, regardless of the facts of the case or the background of the offender, is the linchpin of the statute's infirmity. While acknowledging that the penalties are arguably harsh, we disagree that the defendants have shown the unconstitutionality of the penalty provisions of the statute in question. The legislature's choice of punishment for taking game fish by illegal means is not unreasonably related to the preservation of a finite natural resource and is a matter of substantial regulatory interest to the lawmaking branch of government in a state which prides itself as the "sportsman's paradise." Failure to vigorously discourage activities which deplete the state's supply of game fish could easily result in a paradise lost.
Considering the danger which fish and game violators pose to the natural resources of the state, we conclude, in the terms of State v. Goode, supra, that the punishment makes a measurable contribution to acceptable goals of punishment and is not grossly out of proportion to the severity of the offense.
In addition to arguing the unconstitutionality of LSA-R.S. 56:346, defendants also argue that the sentence imposed on each of them was excessive, noting that the offense to which each pled guilty was not committed against a person or property, nor was there any risk of harm to person or property, and that the value of the fish taken was minimal.
For reasons which will appear more fully below, we need not consider the particulars of the incarcertion and fines imposed on the defendants because the probation imposed on the defendants is illegal, requiring us to vacate the sentences imposed and remand the matter for resentencing.
Although not argued by either the defendants or the state, we note that the *1243 probationary period imposed on the defendants exceeds the two-year period authorized by LSA-C.Cr.P. Art. 894, and that such is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence. LSA-C.Cr.P. Art. 920(2); State v. Cain, 382 So.2d 936 (La.1980), where the court reversed the defendant's sentence which was imposed without benefit of parole, probation, or suspension of sentence even though such was not sanctioned by the penalty provision.
Where a defendant is placed on probation for a period in excess of that authorized by Article 894, the probationary period is illegally harsh. The remedy is to vacate the sentence and remand for resentencing. State v. Guillory, 404 So.2d 453 (La.1981), on rehearing, where the probationary period exceeded one year, the maximum period prior to the statute's amendment in 1982.
In the instant case, the district court placed the defendants on supervised probation for one year and unsupervised probation for two years, the total of which clearly exceeds the maximum probationary period authorized by Article 894. Accordingly, we vacate the entire sentence of each defendant and remand for resentencing.
In addition to noting that the probationary period exceeds the statutory maximum, we also note that one of the conditions of probation was to last for three years. It appears that this term was selected in order that the condition last for the original three-year probationary period, which we have already noted was excessive. Accordingly, on remand, the district court is cautioned against imposing a probationary condition which is to last longer than the period of probation itself. Once a probationary period has elapsed, the defendant has automatically satisfied the sentence imposed. State v. Cannon, 457 So.2d 1177 (La.1984).
In conclusion, we affirm the district court's denial of defendants' motions to quash the bills of information. However, because the probationary period on which defendants were placed exceeded the limits imposed by LSA-C.Cr.P. Art. 894, the defendants' sentences must be vacated and the matter remanded for resentencing.
AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
NOTES
[1] State v. Crosby, 338 So.2d 584 (La.1976).
[2] Because retained counsel apparently did not designate the sentencing colloquy as part of the appellate record, the details of the sentences are gleaned from the minutes which indicate that the district court, in imposing the sentence and fine on each defendant, assessed the sentences concurrently, "except that the defendant shall pay an additional $500 fine."
[3] The state has not complained that the sentences may be illegally lenient in that the entire sentence of each defendant was not assessed without suspension thereof. We therefore do not address this question. LSA-C.Cr.P. Art. 920; State v. Hadwin, 559 So.2d 525 (La.App. 2d Cir.1990); State v. Arrington, 556 So.2d 263 (La. App. 2d Cir.1990).
[4] LSA-R.S. 14:50.1 was found to be unconstitutional for the additional reason that it provided for only a minimum mandatory sentence and no maximum sentence. The instant case contains no such issue.