637 So.2d 583 (1994)
STATE of Louisiana, Appellee,
v.
Johnny L. WALKER, Appellant.
No. 26026-KA.
Court of Appeal of Louisiana, Second Circuit.
May 4, 1994.
*586 Indigent Defender Office by Richard E. Hiller, Shreveport, for appellant.
Richard Ieyoub, Atty. Gen., Paul J. Carmouche, Dist. Atty., Hugo A. Holland and Catherine M. Estopinal, Asst. Dist. Attys., Shreveport, for appellee.
Before HIGHTOWER and WILLIAMS, JJ., and LOWE, J. Pro Tem.
HIGHTOWER, Judge.
A jury found defendant, Johnny L. Walker, guilty as charged of illegal use of weapons while engaged in a crime of violence, LSA-R.S. 14:94(A) and (F). Thereafter, upon adjudging him a third felony offender, the trial court imposed a hard labor sentence of twelve years and eight months without benefit of parole, probation, or suspension of sentence. Walker now appeals, assigning several errors. For the reasons herein expressed, we affirm.

FACTS
During the late evening hours of April 23, 1993, Latronia Durham, accompanied by her cousin, Robert Booker, and some other friends, drove to a liquor store near the intersection of Broadway and Greenwood Road in Shreveport. While waiting in the vehicle for service at the drive-through window, the group encountered Jarvis Taylor and defendant. Taylor, a schoolmate of Durham and Booker, approached the car to shake hands and exchange pleasantries with the occupants. Subsequently, upon completing her purchase, Durham began to leave the facility. Looking through her rearview mirror, however, she witnessed Taylor suddenly remove a gun from his pants pocket and hand it to Walker, who raised it and aimed toward the departing vehicle. While warning her companions, "They're fixing to shoot," the young woman sped out of the parking lot. She then heard two or three shots fired.
Officer King, who had stopped at a nearby traffic light while patrolling the area, observed Walker fire the gun once in the direction of the Durham vehicle. Immediately driving to the scene, the Shreveport policeman attempted to apprehend the shooter, who quickly fled on foot after pausing briefly near a parked automobile seemingly to discard the weapon. King then radioed a description of the perpetrator to other patrol units. Within a few minutes, another officer apprehended defendant and escorted him back to the parking lot. Durham, who had returned to the scene, identified Walker as the culprit, as did King. Although unable to find the weapon at the scene, the police discovered a shell casing where the gunman had been standing.

DISCUSSION

Motion for Mistrial
During trial, Taylor's testimony initially varied from that given by him in pleading guilty about a month earlier. In response *587 to the supposed prevarication, the prosecutor threatened to file a bill of information charging the witness with perjury. After removal of the jurors from the courtroom, defense counsel sought a mistrial based upon LSA-C.Cr.P. Art. 775(3). The trial court denied the request but admonished the jury that statements by the district attorney should not be considered as evidence. Defendant's first assignment of error now complains of the rejection of his motion for mistrial.
When prejudicial conduct inside the courtroom makes it impossible for a defendant to obtain a fair trial, a mistrial shall be granted upon his motion. LSA-C.Cr.P. Art. 775. However, the determination as to whether that provision controls is within the sound discretion of the trial judge, and the denial of a motion for mistrial will not be disturbed on appeal absent an abuse of that discretion. State v. Smith, 433 So.2d 688 (La.1983); State v. Thomas, 609 So.2d 1078 (La.App.2d Cir.1992), writ denied, 617 So.2d 905 (La.1993). Mistrial, a drastic measure, should be ordered only where the prejudice suffered by the defendant has been so substantial as to deprive him of any reasonable expectation of a fair trial. Id. Likewise, the determination of whether an admonition will adequately cure any prejudice, and assure a fair trial, lies within the sound discretion of the trial court. State v. Jeffers, 623 So.2d 882 (La.App.2d Cir.1993).
In his appellate brief, Walker fails to explain in what manner the prosecutor's actions created prejudice. After receiving a directive from the trial court about his methods, counsel for the state asked only specific questions concerning Taylor's prior testimony. Furthermore, the judge reminded the jury that statements by the attorneys could not be considered as evidence. Beyond all that, the witness thereafter revealed that he had in fact testified differently during his guilty plea hearing.
Thus, defendant having failed to demonstrate that he suffered any prejudice precluding a fair trial, this assignment of error lacks merit. Cf. State v. Brown, 481 So.2d 679 (La.App. 1st Cir.1985), writ denied, 486 So.2d 747 (La.1986).

Jury Verdict Form
Illegal use of weapons, as defined in LSA-R.S. 14:94, encompasses either "the intentional or criminally negligent discharging of any firearm...." Hence, as authorized by LSA-C.Cr.P. Art. 480, the state may conjunctively charge a defendant under both concepts in a single-count indictment, and proof of either intent or criminal negligence will support the conviction. An attempt is a lesser grade of the intended crime, LSA-R.S. 14:27, and ordinarily would constitute an appropriate responsive verdict, LSA-C.Cr.P. Art. 815. However, as recognized by the trial court, with respect to an accusation of criminally negligent discharging of a firearm, attempt is not a proper responsive verdict. State v. Schubert, 482 So.2d 91 (La.App. 4th Cir.1986). Cf. State v. Scroggins, 465 So.2d 820 (La.App. 2d Cir.1985), writ granted and remanded on other grounds, 469 So.2d 975 (La.1985).
Accordingly, in an effort to set forth both theories of LSA-R.S. 14:94, the lower court chose to provide the jury with two separate verdict forms. After deciding whether Walker discharged the weapon intentionally or through criminal negligence, the jury, as instructed, would utilize the appropriate document containing verdicts of guilty, not guilty, and, where applicable, guilty of attempt. By his second assignment, defendant cites error in the use of this dual questionnaire.
Before the close of the case, the district judge discussed with the attorneys the problems caused by the conjunctive nature of the charge. Defendant, without stating any grounds, objected to the court's proposed use of the alternate responsive verdict forms. Yet, when the judge explained the necessity of employing this means to foster understanding, defense counsel relented and further stated he did not object to the instruction on criminal negligence. Neither did defendant ever oppose the state's decision to proceed under both the intentional and criminal negligence theories.
Only after the jury retired to deliberate did defendant reiterate his dissatisfaction, *588 then suggesting for the first time that the forms afforded jurors two ways to find him guilty. Yet, as stated, Walker had previously acquiesced in the state proceeding under both theories of LSA-R.S. 14:94. Consistent with that mode, the challenged documents specified their alternative nature and, as the court noted, each provided "not guilty" as a choice. On appeal, defendant also contends that the jury necessarily must have been confused in finding that he discharged a firearm in a criminally negligent manner while committing an intentional crime of violence, aggravated assault. However, it is well settled that a new basis for an objection cannot be raised for the first time on appeal. State v. Sims, 426 So.2d 148 (La.1983). Moreover, defendant's argument focuses on the alleged unconstitutionality of LSA-R.S. 14:94, a contention which we subsequently reject in this opinion.
Additionally, the objection to the verdict form is untimely. See LSA-C.Cr.P. Art. 841. In our view, the situation at bar is distinguishable from that existing in State v. Mack, 403 So.2d 8 (La.1981), holding that a complaint directed at the general charge is timely immediately following the jury's retirement, if no earlier opportunity to object has been afforded. In the case sub judice, the trial court presented the problem to counsel long before the close of the evidence and, at that juncture, announced the planned use of the dual lists. Thus, defendant had more than ample opportunity to lodge his objection earlier, and failed to clearly do so. This assignment of error lacks merit.

Sufficiency of the Evidence
Next, challenging the sufficiency of the evidence to support his conviction, Walker asserts that the trial court erred by denying his motion for a post-verdict judgment of acquittal.
The criteria for evaluating sufficiency of evidence is whether, upon viewing evidence in the light most favorable to the prosecution, any rational trier of fact could have found all elements of the crime proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Washington, 597 So.2d 1084 (La.App.2d Cir.1992). That standard, initially enunciated in Jackson, and now legislatively embodied within LSA-C.Cr.P. Art. 821, is applicable in cases involving both direct and circumstantial evidence. State v. Smith, 441 So.2d 739 (La.1983); State v. Perry, 612 So.2d 986 (La.App.2d Cir.1993).
Subsection A of LSA-R.S. 14:94 states that:
Illegal use of weapons or dangerous instrumentalities is the intentional or criminally negligent discharging of any firearm, or the throwing, placing, or other use of any article, liquid, or substance, where it is foreseeable that it may result in death or great bodily harm to a human being.
In addition, the enhanced penalty provisions of Subsection F required proof, in the present case, that defendant discharged a firearm while committing or attempting to commit a crime of violence, an aggravated assault (see LSA-R.S. 14:2(13)(g)) on Durham as alleged by the state.
At trial, defendant denied discharging a weapon on the night in question. However, as previously discussed, Officer King testified that he saw Walker fire a gun at the car Durham occupied with her friends. Also, the policeman explained, the direction of the shooting endangered a residential area. Durham did not witness the accused actually fire the gun, but asserted that she observed Walker raise the weapon and immediately heard gunfire. Further, his action in aiming the weapon caused her to be afraid she would be shot. Booker similarly attested to the fear he experienced during the incident.
Defense counsel, during his summation, noted inconsistencies in the testimony of several state witnesses. Nevertheless, it is the function of the judge or jury to assess credibility and resolve conflicting testimony. State v. Thomas, supra; State v. Bonnett, 524 So.2d 932 (La.App.2d Cir. 1988), writ denied, 532 So.2d 148 (La.1988). Where the trier of fact has made a rational determination, an appellate court should not disturb it. State v. Mussall, 523 So.2d 1305 (La.1988); State v. Combs, 600 So.2d 751 (La.App.2d Cir.1992), writ denied, 604 So.2d 973 (La.1992). Indeed, in the absence of *589 internal contradiction or irreconcilable conflict with physical evidence, the testimony of one witness, if believed by the fact-trier, is sufficient support for the requisite factual conclusion. State v. Reaves, 569 So.2d 650 (La.App.2d Cir.1990), writ denied, 576 So.2d 25 (La.1991); State v. Shepherd, 566 So.2d 1127 (La.App.2d Cir.1990).
When viewed in the light most favorable to the prosecution, the evidence demonstrates that Walker fired a gun at an occupied car, placing Durham and Booker in fear of being shot. This assignment of error lacks merit.

Motion in Arrest of Judgment
By his fourth assignment of error, defendant contends that the trial court erred in denying his motion in arrest of judgment challenging the constitutionality of LSA-R.S. 14:94[1] and LSA-R.S. 14:2(13)(g). Walker maintains both sections are too vague and that the latter mentioned provision is overly broad.
Statutes are presumed to be valid and their constitutionality should be upheld whenever possible. Thus, the challenging party bears the burden of proving unconstitutionality. Simply put, constitutional scrutiny favors the statute. State v. Griffin, 495 So.2d 1306 (La.1986).
A penal statute is unconstitutionally vague if it does not give an individual adequate notice that certain conduct is proscribed and punishable by law, and if it does not provide adequate standards for those charged with determining the accused's guilt or innocence. State v. Azar, 539 So.2d 1222 (La.1989); State v. Pierre, 500 So.2d 382 (La.1987); State v. Griffin, supra. In resolving meaning and hence constitutionality, penal statutes must be "given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision." LSA-R.S. 14:3; State v. Azar, supra; State v. Pierre, supra. Unlawful conduct must be described with sufficient particularity and clarity that ordinary men of reasonable intelligence are capable of both discerning the meaning of the law and conforming their conduct thereto. State v. Davis, 448 So.2d 645 (La.1984); State v. Spooner, 550 So.2d 1289 (La.App. 1st Cir.1989), writ denied, 566 So.2d 394 (La.1990).
LSA-R.S. 14:94 clearly prohibits the discharging of a firearm in either an intentional or criminally negligent manner where death or great bodily harm to a human being is foreseeable. The confusion mentioned by the trial court, and now asserted by Walker, concerns the lesser included offense of attempt. (See previous discussion of the jury verdict form.) That factor, however, does not prevent a person of reasonable intelligence from ascertaining that firing a gun in the direction of an occupied automobile constitutes a criminal act. Nor, when the enhanced penalty provisions of Subsection F are implicated, does the definition of the crime become less understandable. Instead, one element is merely added: the defendant must be committing or attempting to commit a crime of violence, as defined in LSA-R.S. 14:2(13). Although aggravated assault, the crime of violence alleged here, is arguably less serious than the felonies also listed in Paragraph 13, it constitutes a criminal act nonetheless. Accordingly, we find no merit in Walker's contention of unconstitutional vagueness.
Anent the claim of overbreadth, Walker assails the inclusion of aggravated assault, the only misdemeanor, within the offenses enumerated as "crimes of violence" by LSA-R.S. 14:2(13). True enough, the Fourteenth Amendment protects individuals from incursions by the state into certain areas of their lives, and a statute will be overbroad and, thus, constitutionally defective if it extends state authority beyond the proper reach of government. State v. Griffin, supra; State v. Spooner, supra. Yet, as aptly pointed out in the state's brief, it is *590 clearly within the appropriate realm of government to define and punish aggravated assault. Indeed, defendant cites no authority for his stance. Neither can he credibly argue that firing a gun toward an occupied vehicle in a populated area is a protected freedom. This assignment of error lacks merit.

Excessive Sentence
Defendant next contends that the penalty provided by LSA-R.S. 14:94(F) is unconstitutional. Maintaining that his offense is simply a variation of aggravated assault, Walker argues that the sentence range should be comparable to that misdemeanor (a maximum of six months in jail, LSA-R.S. 14:37) rather than ten to twenty years at hard labor without benefit of parole, probation, or suspension of sentence. We disagree.
Article I, Section 20 of the Louisiana Constitution prohibits "cruel, excessive, or unusual punishment." However, the legislature's prerogative to determine the length of sentences is vested with the presumption of constitutionality, and any doubt will be resolved in favor of the statute questioned. State v. Hood, 584 So.2d 1238 (La.App.2d Cir.1991), and authorities therein. Thus, Walker faced the burden of overcoming that presumption by showing that the penalty provision (1) makes no measurable contribution to the acceptable goals of punishment and is therefore nothing more than the purposeless and needless imposition of pain and suffering, or (2) is grossly out of proportion to the severity of the crime. State v. Goode, 380 So.2d 1361 (La.1980); State v. Hood, supra.
Defendant failed to sustain that burden. The legislature's choice of punishment for discharging a firearm while committing a crime of violence is not unreasonable and, instead, is rationally related to the protection of public safety. A typical case of aggravated assault, the crime which Walker contends is comparable, does not consist of firing a gun at a carload of people in a densely populated area. Inasmuch as the risk of harm greatly increases when a firearm is added to the equation, we view the enhanced sentence range as neither a purposeless and needless imposition of pain and suffering, nor grossly out of proportion to the severity of the crime. This assignment of error lacks merit.
Furthermore, Walker does not contend that his individual sentence is excessive. Instead, our examination of the record reveals his term of imprisonment to be illegally lenient. As a third felony offender, he stood exposed to a range of two-thirds to twice the longest sentence provided for a first conviction. LSA-R.S. 15:529.1. Hence, the trial court should have imposed a sentence of at least thirteen years and four months, rather than twelve years and eight months. However, absent timely complaint by the state or defendant, we do not correct an illegally lenient sentence. State v. Tyler, 544 So.2d 495 (La.App.2d Cir.1989).

Errors Patent
Finally, we have reviewed the record for errors patent. LSA-C.Cr.P. Art. 930.8 provides that, at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief. Although the record does not show Walker being so advised, this apparent oversight is not grounds for reversal. See LSA-C.Cr.P. Art. 921. Inasmuch as the required notice is designed to apprise the defendant in advance concerning the elapsing of the statutory time limitation, the district court is hereby directed to send appropriate written notice to Walker within ten days of the rendition of this opinion and then file, in the record, written proof that defendant received such notice.

CONCLUSION
Accordingly, for the foregoing reasons, Walker's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] We initially note that the constitutionality of this enactment has previously been challenged in State v. Dumaine, 534 So.2d 32 (La.App. 4th Cir.1988), conviction affirmed and remanded for resentencing, 541 So.2d 880 (La.1989). There, the defendant argued that, because the language of the statute requires only that the harm be foreseeable rather than actual, LSA-R.S. 14:94 is vague and overbroad. The court of appeal found that contention to be meritless.