766 So.2d 642 (2000)
STATE of Louisiana, Appellee,
v.
David STEPHENSON, Appellant.
No. 33,662-KA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 2000.
*644 Peter J. Black, Shreveport, Counsel for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Brian King, Tommy J. Johnson, Assistant District Attorneys, Counsel for Appellee.
Before GASKINS, PEATROSS & KOSTELKA, JJ.
PEATROSS, J.
Defendant, David Stephenson, was convicted by a jury of illegal use of a weapon during a crime of violence, a violation of La. R.S. 14:94(A) and (F). The trial court sentenced Defendant to the mandatory minimum term of ten years imprisonment at hard labor, without benefit of probation, parole or suspension of sentence. Defendant appeals, asserting the following four assignments of error: (1) that he was denied a fair trial and his right to present a defense by the District Attorney's actions in amending the bill of information on the day trial was scheduled to begin; (2) that the trial court erred in failing to grant his motion to reconsider sentence; (3) that the trial court erred by conducting side-bar conferences without his presence at the bench; and (4) Defendant requests a review for errors patent on the record. For the reasons stated herein, Defendant's conviction and sentence are affirmed.

FACTS
During the evening of February 17, 1999, Alisha Cole went to the home of the victim, Terrance Timmons, to retrieve some of her personal belongings. Mr. Timmons was the former boyfriend of Ms. Cole, and the father of her three-year-old daughter. While she was there, Ms. Cole and Mr. Timmons fought over her recent engagement to Defendant. Ms. Cole testified that, during this heated argument, Mr. Timmons forcibly removed Ms. Cole's engagement ring from her finger. Mr. Timmons' mother called the police to assist in breaking up the argument. When the police arrived, Mr. Timmons left the residence to calm down, during which time Ms. Cole told the police that she did not wish to press charges. Ms. Cole then left the Timmons residence and went to her grandmother's home.
Shortly thereafter, Ms. Cole reported the incident to Defendant. Ms. Cole and Defendant began driving to Mr. Timmons' residence to insist that he return the engagement ring. Ms. Cole testified that Defendant was driving the car. They saw Mr. Timmons walking down the sidewalk in the area of Flora Street and Jewella Avenue, near the home of Mr. Timmons' mother. Ms. Cole testified that Defendant got out of the car and asked Mr. Timmons to return his property, referring to the engagement ring. Suddenly, shots were fired. (There is conflicting testimony throughout the record as to how many shots were fired. Shreveport police detectives recovered four spent bullet casings from the scene.) According to Ms. Cole, she crouched down in the floorboard of the car; and, when Defendant got back into the car, he told her that Mr. Timmons had *645 a gun and had shot at him and that he had returned fire.
Mr. Timmons denied that he had a gun when the confrontation occurred. Rather, Mr. Timmons testified that Defendant exited the car from the passenger's side, said something to him (which he could not recall) and started shooting at him. Mr. Timmons stated that he began to run from Defendant, but Defendant chased him and continued to shoot at him. Mr. Timmons further testified that, once Defendant stopped chasing him, he collapsed in the yard of a nearby house. Several witnesses testified that Mr. Timmons was not armed at the time and detectives who searched the area did not recover a gun.
Defendant elected to testify in his own behalf. He stated that Mr. Timmons did have a gun and was the first to fire shots. It is undisputed that, during the encounter, Defendant shot Mr. Timmons in the right arm.
Defendant was arrested and charged by bill of information with the attempted second degree murder of Mr. Timmons. On July 19, 1999, the date set for jury trial, the district attorney amended the bill of information, replacing the attempted second degree murder charge with a charge of illegal use of a weapon during a crime of violence, i.e., the aggravated assault of Mr. Timmons, in violation of La. R.S. 14:94(A) and (F). Defendant waived formal arraignment and entered a plea of not guilty. No objection was made at that time to the form or content of the amended bill of information. Before proceeding, defense counsel brought to the trial court's attention some difficulty she was having in obtaining records and securing the presence of a witness to testify at trial. Specifically, on the morning of trial, defense counsel stated:
Yes, sir, I am awaiting the medical records. But one of the detectives that I subpoenaed called my office last week and informed me that he is not available this week because he is in class. I also have not received the criminal convictions of the State's witnesses and the victim, and I would also like a little bit of time to alter my defense to the new charge.
The trial court proceeded with jury selection on that date, but allowed defense counsel additional time to complete her trial preparation. On July 23, 1999, the jury that had previously been selected was sworn and trial began. Defendant did not file a motion to quash the amended bill of information and did not file a motion for a continuance. On July 23, 1999, defense counsel was prepared for trial and voiced no further request for an extension of time.
As previously stated, the jury convicted Defendant as charged; and, on August 9, 1999, Defendant was sentenced to the mandatory minimum sentence set forth in La. R.S. 14:94(F) of ten years at hard labor, without benefit of probation, parole or suspension of sentence.

DISCUSSION
On appeal, Defendant does not contest the factual basis underlying his arrest and conviction, nor does he challenge the sufficiency of the evidence admitted at trial. Instead, Defendant argues that the actions of the district attorney and the trial court resulted in his being denied a fair trial. In addition, Defendant claims that his sentence is excessive. We will discuss first the assignments dealing with Defendant's conviction, followed by a discussion of the constitutionality of his sentence.

Assignment of Error No. 1: Late amendment of the bill of information
Defendant raises three issues in regard to the amended bill of information and La. R.S. 14:94: 1) whether the amendment to the bill of information was untimely; 2) whether the crime alleged in the bill of information was so vague as to fail to provide Defendant with notice; and 3) whether La. R.S. 14:94(F) is unconstitutionally vague.
*646 The amended bill of information filed in this case on July 19, 1999, stated, in pertinent part, as follows:
... on or about February 17, 1999, David Stephenson committed the offense of Illegal Use of a Weapon During a Crime of Violence, as set forth in R.S. 14:94 A and F, in that
he intentionally and in a criminally negligent manner discharged a firearm, where it was foreseeable that it may have resulted in death and great bodily harm to a human being, while committing a crime of violence, namely Aggravated Assault of Terrance Timmons; contrary to the law of the State of Louisiana and against the peace and dignity of the same.
La. R.S. 14:94(A) defines the offense of illegal use of weapons as follows:
Illegal use of weapons or dangerous instrumentalities is the intentional or criminally negligent discharging of any firearm, or the throwing, placing, or other use of any article, liquid, or substance, where it is foreseeable that it may result in death or great bodily harm to a human being.
La. R.S. 14:94(F) provides, in pertinent part, as follows:
Whoever commits the crime of illegal use of weapons .... by discharging a firearm while committing, attempting to commit, conspiring to commit, or soliciting, coercing or intimidating another person to commit a crime of violence ... shall be imprisoned at hard labor for not less then ten years nor more than twenty years, without benefit of parole, probation, or suspension of sentence.
After careful review of the record, we find that the facts presented at trial support the district attorney's decision to prosecute Defendant under this statute. The district attorney has the unfettered, statutorily protected discretion to decide who, when and how to prosecute an accused in his district. La.C.Cr.P. art. 61. Furthermore, the substance of an indictment may be amended before trial begins. La.C.Cr.P. art. 487; State v. Ignot, 29,745 (La.App.2d Cir.8/24/97), 701 So.2d 1001, writ denied, 99-0336 (La.6/18/99) 745 So.2d 618. In a jury trial, trial begins when the first prospective juror is called for examination. La.C.Cr.P. art. 761. In State v. Johnson, 93-0394 (La.6/3/94), 637 So.2d 1033, the supreme court set out the law on the amendment of a bill of information:
La. Const.1974, Art. I, Sec. 13 provides that "[i]n a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him." This requirement protects the accused's right to prepare a defense and exercise fully his rights of confrontation and cross-examination. The bill of information must therefore inform the defendant of the nature and cause of the accusation against him in sufficient detail to allow him to prepare for trial, as well as to allow the court to determine the admissibility of the evidence. Accordingly, the state may not substantively amend a bill of information to charge a new offense once trial has begun. (Internal citations omitted.)
In Ignot, supra, we explained that, if a defendant can show that he has been prejudiced by the amendment to the charge against him, he is entitled to a continuance. La.C.Cr.P. art. 489. The purpose of the continuance authorized by La.C.Cr.P. art. 489 is to protect a defendant from surprise or prejudice which may result from such an amendment and the defendant bears the burden of proving that he has been prejudiced by the amendment. The trial court has great discretion in deciding such matters, and its ruling will not be disturbed on appeal absent an abuse of that discretion. State v. Cleveland, 25,628 (La.App.2d Cir.1/19/94), 630 So.2d 1365.
In the instant case, as in Ignot, supra, the district attorney filed the amended bill on the day trial was to begin, but prior to the start of jury selection. *647 The district attorney, therefore, was entitled to amend the bill. At that point, Defendant's remedy for any potential prejudice was a motion for a continuance, not an objection to the amendment. Defense counsel made an oral request for continuance, quoted above, which was based only in part on the need to "alter" the defense to the new charge. The record indicates that the jury was selected on July 19th; however, the trial court delayed the trial several days in order to allow Defendant additional time to prepare. Defendant proceeded to trial without filing a formal, written motion for continuance and without requesting additional time to prepare beyond the delay, from July 19th to July 23rd, granted by the trial court. In addition, we note that Defendant failed to file a motion to challenge the sufficiency of the amended bill of information before July 23rd.
Furthermore, we find that, even if Defendant had filed for continuance and been denied, he has not demonstrated any prejudice as a result of the amended bill. A technical insufficiency in an indictment may not be raised for the first time after conviction where the indictment fairly informed the accused of the charge against him. State v. Shelton, 545 So.2d 1285 (La. App. 2d Cir.1989), writ denied, 552 So.2d 377 (La.1989); State v. Michels, 98-608 (La.App. 5th Cir.1/13/99), 726 So.2d 449. As previously stated, an indictment must contain all the elements of the crime charged in sufficient particularity to permit the defendant to prepare for trial; to allow the court to determine the propriety of the evidence submitted at trial; to impose correct punishment on a guilty verdict; and to afford the defendant protection from double jeopardy. State v. Finch, 31,888 (La.App.2d Cir.5/5/99), 733 So.2d 716; La.C.Cr.P. art. 464. Where no prejudice or surprise is shown by the defendant, the information is deemed sufficiently clear. Finch, supra. Here, the amended bill of information informed Defendant that he was charged with the illegal use of a weapon during a crime of violence in violation of La. R.S. 14:94(A) and (F), and clearly set forth the predicate offense necessary to invoke the enhanced penalty provision of subsection F of the statute. Defendant knew that he was to be tried for illegal use of a weapon during a crime of violence; there was no element of surprise. On this record, there is an insufficient showing of prejudice to merit reversal.
As his third and final issue regarding this assigned error, Defendant challenges the constitutionality of La. R.S. 14:94(F). Defendant's constitutional challenge to this statute is raised for the first time on appeal. Contrary to Defendant's argument, his motion to reconsider sentence makes only a slight reference to, but does not directly raise a constitutional challenge to, the statute in arguing that his sentence is unconstitutionally excessive. In State v. Hoofkin, 596 So.2d 536 (La.1992), however, the supreme court stated that a defendant may attack the facial unconstitutionality of a statute on which a conviction is based, even though the defendant did not raise the issue in the trial court or comply with the contemporaneous objection rule of La. C.Cr.P. art. 841. We will, therefore, address this issue.
La. R.S. 14:94 survived constitutional challenge in State v. Walker, 26,026 (La. App.2d Cir.5/4/94), 637 So.2d 583, writ denied, 94-1369 (La.9/30/94) 642 So.2d 868.[1] In Walker, the defendant was charged with the illegal use of a weapon while engaged in a crime of violence, specifically, an aggravated assault on the occupants of an automobile. Walker filed a motion in arrest of judgment challenging the constitutionality of La. R.S. 14:94 and La. R.S. 14:2(13)(g), the definition section of the Revised Statutes setting forth aggravated assault as a crime of violence. Walker argued that both sections were too vague. *648 In rejecting Walker's argument, this court stated:
LSA-R.S. 14:94 clearly prohibits the discharging of a firearm in either an intentional or criminally negligent manner where death or great bodily harm to a human being is foreseeable. The confusion mentioned by the trial court, and now asserted by Walker, concerns the lesser included offense of attempt. (See previous discussion of the jury verdict form.) That factor, however, does not prevent a person of reasonable intelligence from ascertaining that firing a gun in the direction of an occupied automobile constitutes a criminal act. Nor, when the enhanced penalty provisions of Subsection F are implicated, does the definition of the crime become less understandable. Instead, one element is merely added: the defendant must be committing or attempting to commit a crime of violence, as defined in LSA-R.S. 14:2(13). Although aggravated assault, the crime of violence alleged here, is arguably less serious than the felonies also listed in Paragraph 13, it constitutes a criminal act nonetheless. Accordingly, we find no merit in Walker's contention of unconstitutional vagueness.
The court also summarily dismissed Walker's challenge as to the alleged overbreadth of La. R.S. 14:2(13).
In the case sub judice, Defendant makes a similar argument that the overlap in elements necessary to violate 14:94(A) and to commit an aggravated assault creates confusion and ambiguity in the statute rendering it "vague" when applied to Defendant's conduct. Defendant, however, fails to note that an aggravated assault may be committed under La. R.S. 14:37 without the use of a firearm. Thus, under the facts of this case, La. R.S. 14:94(F) simply adds the element of the use of a firearm to a stated crime of violence, to-wit, aggravated assault.
A penal statute is unconstitutionally vague if it does not give an individual adequate notice that certain conduct is proscribed and punishable by law, and if it does not provide adequate standards for those charged with determining the accused's guilt or innocence. State v. Azar, 539 So.2d 1222 (La.1989), cert. denied, 493 U.S. 823, 110 S.Ct. 82, 107 L.Ed.2d 48 (1989); State v. Pierre, 500 So.2d 382 (La. 1987); Walker, supra. For the reasons set forth above and in Walker, supra, we find no merit in Defendant's constitutional attack on La. R.S. 14:94(A) and (F).

Assignment of Error No. 3: Defendant's presence during side-bar conferences
In this assignment, Defendant claims that he should have been present during side-bar conferences held at the bench between counsel and the trial judge. Defendant argues that, because he was not present during these critical stages of his trial, his constitutional and statutory rights were violated. We disagree.
Significantly, Defendant does not claim that he was not present in the courtroom when the side-bar conferences were conducted. Moreover, defense counsel never requested Defendant's presence at the side-bars, nor did defense counsel object to Defendant's inability to participate in side-bar conferences. Initially, therefore, we note that Defendant waived any claim of error regarding his absence at the side-bar conferences by failing to object. La.C.Cr.P. art. 841. We will, however, briefly address Defendant's argument.
Defendant claims that "at least two conferences" took place at the bench without his presence. Defendant, however, cites to only one such conference in the record. On the cited occasion, it was Defendant's counsel who requested the side-bar, not the court or the district attorney. In so doing, defense counsel did not request that Defendant be permitted to hear the discussion between counsel and the court. The discussion at the bench apparently concerned Defendant's pending motion in limine. We have found three additional bench conferences noted in the record, but *649 not cited by Defendant, the first of which was requested by the district attorney. There is no indication in the record what this discussion may have concerned. The second side-bar was the result of the trial judge asking counsel to approach the bench to discuss taking a short recess while awaiting the arrival of the next witness. The third side-bar was also conducted at the request of the trial judge in order to ask defense counsel whether Defendant had decided to testify.
La.C.Cr.P. art. 831 provides, in pertinent part, as follows:
A. Except as may be provided by local rules of court in accordance with Articles 522 and 551, a defendant charged with a felony shall be present:
(4) At all times during the trial when the court is determining and ruling on the admissibility of evidence;
There is no jurisprudence, or specific statutory provision, that requires the defendant's presence at a bench conference in order to satisfy the requirement of article 831. State v. Glover, 93-959 (La.App. 5th Cir.3/29/94), 636 So.2d 976, writ denied, 94-1460 (La.9/3/96), 678 So.2d 544, writ granted in part and remanded, 97-1474 (La.12/19/97), 704 So.2d 242. Moreover, defense counsel was present at the bench for all of the above-mentioned side-bar conferences and Defendant was present in the courtroom. We can find no indication in the record that defense counsel ever objected to Defendant's not being present at the bench. We find, therefore, that the mandate of article 831 was satisfied in this case. This assignment is without merit.

Assignment of Error No. 2: Excessive sentence and denial of motion to reconsider
In this assignment, Defendant complains that his sentence is excessive and further argues that the trial court's failure to grant his motion to reconsider sentence, wherein he argued that the lesser penalty set forth in La. R.S. 14:94(B) should apply to his conviction as opposed to the more severe penalty provision of subsection F, was error.
In addition to the constitutional challenges discussed above, the defendant in Walker, supra, also argued that the enhanced penalty provision of La. R.S. 14:94(F) was unconstitutional and that he should have received the lesser penalty of aggravated assault as set forth in La. R.S. 14:37. This court disagreed, stating:
Article I, Section 20 of the Louisiana Constitution prohibits "cruel, excessive, or unusual punishment." However, the legislature's prerogative to determine the length of sentences is vested with the presumption of constitutionality, and any doubt will be resolved in favor of the statute questioned. State v. Hood, 584 So.2d 1238 (La.App. 2d Cir.1991), and authorities therein. Thus, Walker faced the burden of overcoming that presumption by showing that the penalty provision (1) makes no measurable contribution to the acceptable goals of punishment and is therefore nothing more than the purposeless and needless imposition of pain and suffering, or (2) is grossly out of proportion to the severity of the crime. State v. Goode, 380 So.2d 1361 (La.1980); State v. Hood, supra.

Defendant failed to sustain that burden. The legislature's choice of punishment for discharging a firearm while committing a crime of violence is not unreasonable and, instead, is rationally related to the protection of public safety. A typical case of aggravated assault, the crime which Walker contends is comparable, does not consist of firing a gun at a carload of people in a densely populated area. Inasmuch as the risk of harm greatly increases when a firearm is added to the equation, we view the enhanced sentence range as neither a purposeless and needless imposition of pain and suffering, nor grossly out of proportion to the severity of the crime.
*650 Likewise, in the case sub judice, we do not believe that the trial court erred in sentencing Defendant under La. R.S. 14:94(F). As we explained in Walker, the addition of a firearm into the situation of an aggravated assault justifies the enhanced penalty provision; and Defendant has failed to show that such enhanced penalty represents a "purposeless and needless imposition of pain and suffering" or is "grossly out of proportion to the severity of the crime."
Furthermore, we do not find that the individual sentence imposed in this case was constitutionally excessive. As explained earlier in this opinion, Defendant was properly charged and convicted under this subsection of the statute, the penalty for which is a minimum of 10 years to a maximum of 20 years at hard labor. Defendant received the mandatory minimum sentence of ten years without benefit of probation, parole or suspension of sentence. Even though this was Defendant's first felony conviction, the district attorney argued that the Defendant's extensive prior criminal history of multiple felony arrests and misdemeanor convictions warranted a denial of good time pursuant to La.C.Cr.P. art. 890.1. In rejecting the district attorney's request to deny Defendant eligibility for diminution of sentence for good behavior, the trial court noted that Defendant will be required to serve 85 percent of his sentence pursuant to La. R.S. 15:574.4(B).
Where there is a constitutional mandatory sentence, there is no need for the trial court to justify a sentence it is legally required to impose. State v. Rice, 31,871 (La.App. 2nd Cir.3/31/99), 736 So.2d 956, writ denied, 99-1314 (La.10/15/99), 748 So.2d 464; State v. Koon, 31,177 (La.App. 2nd Cir.2/24/99), 730 So.2d 503; State v. Rose, 606 So.2d 845 (La.App. 2nd Cir. 1992). Such mandatory sentences have been specifically found to be constitutional. State v. Ingram, 29,172 (La.App. 2nd Cir.1/24/97), 688 So.2d 657, writ denied, 97-0566 (La.9/5/97), 700 So.2d 505, citing State v. Foley, 456 So.2d 979 (La.1984); State v. Brown, 557 So.2d 1085 (La.App. 2nd Cir.1990), citing State v. Edwards, 287 So.2d 518 (La.1973). In the instant case, we find that Defendant has failed to show by clear and convincing evidence that his particular circumstances are an exception to the constitutional application of this mandatory sentence. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672.
Finally, we note that the trial court emphasized the cavalier nature of this particular crime, pointing out that an innocent child or any other person could have been shot and/or killed by Defendant's reckless conduct. Defendant's sentence of ten years imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence does not shock one's sense of justice in light of the crime committed in this case, Defendant's criminal history and the likely risk of harm to others by Defendant.

Assignment of Error No. 4: Error patent review
In his final assignment of error, Defendant requests review of the record for patent errors. This request is unnecessary since review for errors patent is made automatically in all criminal cases. State v. Bryant, 29,344 (La.App.2d Cir.5/7/97), 694 So.2d 556. In conducting this review, no patent errors were noted.

CONCLUSION
For the foregoing reasons, Defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] See also State v. Dumaine, 534 So.2d 32 (La.App. 4th Cir.1988), conviction affirmed and remanded for resentencing, 541 So.2d 880 (La.1989).