615 So.2d 38 (1993)
STATE of Louisiana, Plaintiff-Appellee,
v.
Cheryl STONE, Defendant-Appellant.
No. CR92-1009.
Court of Appeal of Louisiana, Third Circuit.
March 3, 1993.
Rehearing Denied March 30, 1993.
*39 Stephen Michael Henry, Natchitoches, for State of La.
James Earl Calhoun, Natchitoches, for Cheryl Stone.
Before DOUCET, YELVERTON and WOODARD, JJ.
YELVERTON, Judge.
The single assignment of error raised by this defendant, Cheryl Stone, who was convicted of attempted armed robbery, is that the evidence was insufficient to convict her of the crime charged. We find merit to this assignment. For the following reasons, we reverse and set aside the conviction and sentence.
On November 11, 1991, Judy Crostenburg was working alone at the I-49 Exxon station in Natchitoches Parish. Shortly after midnight, the defendant entered the store and proceeded to gather several store items together. She placed them on a counter where the coke dispensers were located. Mrs. Crostenburg testified that while this was taking place she was away from the cash register putting sandwiches in a cooler. The defendant came over to her and inquired how to put a lunch bucket in the microwave. Mrs. Crostenburg explained to her how to do it and the defendant followed the instructions, turning the microwave on. She also asked which was the ice cup and Mrs. Crostenburg identified that for her. Mrs. Crostenburg continued to put up the sandwiches. Mrs. Crostenburg testified that then, "the next thing I know, she's got me." Mrs. Crostenburg testified that defendant attacked her and cut her neck with a knife that the defendant had in her hand. After a brief struggle, Mrs. Crostenburg related that the defendant said, "I quit, I give up." Mrs. Crostenburg then told her, "Drop the knife." The testimony is that the defendant responded, "I dropped it." Mrs. Crostenburg then said, "That's not good enough, I can still see it." A customer, Mr. Noel Cotten, entered the store at this time and, immediately reacting to the situation and the store clerk's cry for help, grabbed and held the defendant while Mrs. Crostenburg called the police.
The store security cameras recorded the entire incident. The videotape shows Mrs. Crostenburg at one of the coolers and defendant coming up and grabbing her. It also shows Mr. Cotten holding the struggling defendant until the police arrived.
Defendant was arrested and transported to the Sheriff's Office. A pat down of the *40 defendant and a search of the store failed to turn up the knife. Defendant had asked to use the bathroom while at the police station. Afterwards, a female officer conducted a full search of the defendant. Defendant did not have any money on her, nor did she have a knife. A subsequent search of the bathroom the defendant had used disclosed a knife hidden in an odor dispenser. Mrs. Crostenburg identified the knife at trial as the knife defendant had when she was attacked. A search of the defendant's bag, or purse, revealed no money. However, testimony regarding the search was silent as to whether the defendant might have had a credit card.
When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, rehearing denied, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559, 563 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982); State v. Moody, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore the appellate court should not second-guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See State ex rel. Graffagnino, supra, citing State v. Richardson, 425 So.2d 1228 (La.1983).
In order for the State to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt.
La.R.S. 14:27 defines attempt. Section A provides:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
The definition of armed robbery is found in La.R.S. 14:64, Section A of which provides:
A. Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
Defendant argues that she never made an attempt to take anything from the store, nor did she demand anything. Defendant admits committing a battery upon Mrs. Crostenburg, but argues in her brief that she might have been convicted of aggravated battery, or even attempted second-degree murder, but not attempted armed robbery.
To prove an attempted armed robbery, the State had to prove that the defendant 1) had a specific intent to commit the crime of armed robbery, and 2) did an act for the purpose of and tending directly toward the commission of the crime of armed robbery. State v. Clay, 576 So.2d 1099 (La.App. 3d Cir.), writ denied, 580 So.2d 669 (La.1991).
Article 14:64 requires: 1) a taking, 2) of anything of value, 3) belonging to another, 4) from the person of another or from his immediate control, 5) by use of force or intimidation, 6) while armed with a dangerous weapon.
Intent is a state of mind which need not be proven as a fact, but may be inferred from the facts and circumstances of the transaction and the actions of the defendant. State v. Boyer, 406 So.2d 143 (La.1981). Specific intent is an ultimate legal conclusion to be resolved by the trier of fact. State v. Graham, 420 So.2d 1126 (La.1982).
The above evidence does not prove, beyond a reasonable doubt, that defendant possessed the intent to take anything from the store. To convict of attempted armed robbery, there must be sufficient evidence to establish the intent to take something of value even though the act of taking need not be established. Although the defendant gathered several items off the shelves and placed them on a counter in the store, *41 there was no overt act on the part of the defendant which would tend to show that she intended to take the items. The store video reveals that the defendant did not try to leave with the items nor did she say or do anything revealing a desire to take anything of value. The attack was away from the cash register. The circumstance that she had no money on her is not enough to imply intent, particularly since, for all the evidence shows, she may have been in possession of a credit card. The victim never testified that the defendant demanded anything of value. For all the evidence shows, the defendant's sudden attack could have been an enraged response to some imagined provocation by Mrs. Crostenburg in their just-concluded verbal exchange.
The defendant's conviction was based upon evidence which, when viewed in the light most favorable to the prosecution, a rational trier of fact could not have found sufficient to establish the essential elements of the charge beyond a reasonable doubt. Thus, the evidence is both constitutionally and statutorily insufficient to support the defendant's conviction.
REVERSED; CONVICTION IS SET ASIDE.