J^MOORE, J.
The State charged Carl E. Frazier Jr. by bill of information with attempted armed robbery, La. R.S. 14:27, 64. Frazier waived trial by jury. On the day of trial, the State moved to amend the bill to charge that Frazier attempted to rob Teresa Temple, a cashier, rather than Trak Food Store in Winnsboro. The district court denied Frazier’s motion for continuance, allowed the amendment and, after receiving evidence, found him guilty as charged. The court sentenced him to seven years at hard labor. Frazier now appeals, contesting the denial of his motion for continuance and the sufficiency of the evidence. For the reasons expressed, we affirm.

Factual Background

On the afternoon of February 14, 2000, Captain Willie Turner of the Madison Parish Sheriffs Office was in Winnsboro on business. Driving an unmarked car, he stopped at Trak Food Store, a convenience store on Hwy. 4. He parked on the side of the building, got out of his car and walked to the front sidewalk. At that instant he saw someone come from around the back of the store. This was a black male, pulling an orange or red ski cap down over his face and walking toward the front door. Dep. Turner took a good look at him and then reached for his revolver. Seeing this, the man in the ski cap spun around and darted back behind the building. Dep. Turner then entered the store, confirmed that the clerk, Teresa Temple, was all right, and told her to call 911. Dep. Turner described the suspect’s appearance, clothing and direction of travel to Dep. Todd Roberts, who was patrolling nearby.
| ¡.Deputy Roberts drove down Mauld Road, a street that ran behind Trak Food Store. About 100 yards away, he saw and stopped Frazier, who matched Dep. Turner’s description, clothing and direction of travel. Frazier consented for Dep. Roberts to look inside a bag he was carrying; in it, Dep. Roberts found a pistol and a ski cap. Dep. Roberts placed Frazier under arrest, gave him his Miranda rights and drove him to the sheriffs office.
At the sheriffs office, Dep. Tim Pylant again gave Frazier his Miranda rights. Frazier waived them and gave a statement confessing that he and a friend, Desmond Jackson, had planned to rob the store.[1] According to this statement, Jackson gave him the handgun, a .380 automatic, told him to rob the store, and dropped him off there; but after the deputy spotted him, he “took off running.” Another deputy corroborated that a citizen had called to report seeing a car circling the store; the car turned out to be Jackson’s blue Mazda.

Discussion: Sufficiency of the Evidence

By his second assignment of error, Frazier urges the evidence was insufficient to support the conviction for attempted *564 armed robbery. He contends that the intended victim did not see a weapon in his hand, and in fact he never entered the store. He further argues that there were two clerks in the store, and the State failed to prove which one he intended to rob. Finally, he contends there was no proof of specific intent.
l3When issues are raised on appeal as to both the sufficiency of the evidence and one or more trial errors, the appellate court first reviews the sufficiency. This is because the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accord with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that the State proved all the elements of the offense beyond a reasonable doubt. State v. Hearold, 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La.App. 2 Cir. 4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
To convict a defendant of attempted armed robbery, the State must prove that the defendant, with the specific intent to commit armed robbery, did or omitted an act for the purpose of and tending directly toward the taking of anything of value belonging to another, from the person of another or in the immediate control of another, by the use of force or intimidation, while armed with a dangerous weapon. La. R.S. 14:27, 64; State v. Musgrove, 33,977 (La.App. 2 Cir. 12/15/00), 774 So.2d 1155, writ denied, 01-0356 (La.9/28/01), 798 So.2d 112.
Frazier’s confession proves, beyond a reasonable doubt, that he had the specific intent to commit an armed robbery. When asked what he was doing at the store, he said, “I was gonna you know stick it up but I changed my mind.” He described how Jackson asked him to “go riding,” then gave him a gun and told him to rob the store; he got “right on back of the store” but changed his mind when he saw the officer. These admissions, with thejjcorroborating evidence of Dep. Turner, establishes the essential element of specific intent. State v. Broaden, 99-2124 (La.2/21/01), 780 So.2d 349, cert. denied, 534 U.S. 884, 122 S.Ct. 192, 151 L.Ed.2d 135 (2001); State v. Kunzman, 31,976 (La.App. 2 Cir. 5/5/99), 741 So.2d 112.
Deputy Turner established that in furtherance of the plan, Frazier was at the scene, walking toward the front door of Trak Food Store and donning a ski mask to conceal his identity. Only the deputy’s timely arrival frustrated the planned robbery. It is immaterial that Frazier did not know which cashier he was actually going to rob, or that she did not yet see him. After Frazier fled the scene, he was found carrying an automatic handgun. These acts are more than mere preparation; they tend directly toward the taking of anything of value belonging to another, from the person of another or her immediate control, by the use of force or intimidation, while armed with a dangerous weapon. The evidence is sufficient beyond a reasonable doubt to convict Frazier of attempted armed robbery. This assignment does not present reversible error.

Motion for Continuance

By his first assignment of error Frazier urges the district court erred in allowing the State to amend the bill of information from attempted armed robbery of the Track Food Store to attempted armed robbery of Teresa Temple. Frazier concedes that he did not object to the amendment, but asked for a continuance on grounds that the amendment prejudiced him by destroying his major defense to the charge. He cites no authority in support of this argument, but asserts that the *565 State did not list Ms. Temple as a | ¡^witness. After the court denied the continuance, defense counsel asked for an instanter subpoena of Ms. Temple.
The original bill of information charged Frazier with attempted armed robbery by “attempting to rob Trak Food Store, located on La. Hwy. 4, while armed with a dangerous weapon * * * on or about February 14, 2000.” On the day of trial, the State moved to amend the bill to reflect that the victim was “Teresa Temple, a cashier” at Trak Food Store.
The court may permit an amendment to the substance of the bill before trial begins. La.C.Cr.P. art. 487 A; State v. Ignot, 29,745 (La.App. 2 Cir. 9/24/97), 701 So.2d 1001, writ denied, 99-0336 (La.6/18/99), 745 So.2d 618. If the defendant can show that he has been prejudiced by the amendment to the charge against him, he is entitled to a continuance. La. C.Cr.P. art. 489. Continuance is proper when needed to protect the defendant from surprise or prejudice which may result from the amendment. State v. Ignot, supra. However, the burden is on the defendant to show prejudice; a bare allegation of prejudice will not suffice. Art. 489; State v. Cleveland, 25,628 (La.App. 2 Cir. 1/19/94), 630 So.2d 1365. Moreover, the district court has great discretion in granting or denying a continuance under these circumstances; the ruling will not be disturbed on appeal absent a showing of abuse of that discretion. State v. Ignot, supra.
The original bill of information clearly advised Frazier of the offense charged, the name and location of the business where it occurred, and the date. Although it is technically deficient, it fairly informed Frazier of the charge against him. State v. Stephenson, 33,662 (La.App. 2 Cir. 8/23/00) 766 So.2d 642, writ denied, 00-2686 (La.8/31/01), 795 So.2d 1204. The district court also noted that the police report, which had been made available to defense counsel through discovery, listed the cashier’s name. Since Frazier never entered the store, Ms. Temple was in no position to give surprising or prejudicial testimony. On these facts, the district court did not abuse its discretion in denying the motion for continuance. State v. Ignot, supra; State v. Woods, 97 0800 (La.App. 1 Cir. 6/29/98), 713 So.2d 1231, writ denied, 98-3041 (La.4/1/99), 741 So.2d 1281. This assignment does not present reversible error.

Conclusion

We have reviewed the entire record and find nothing we consider to be error patent. La.C.Cr.P. art. 920(2). For the reasons expressed, the conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.

. Desmond Jackson pled guilty to attempted first degree robbery and received a seven-year sentence which this court affirmed in an unpublished opinion, State v. Jackson, 36,176 (La.App. 2 Cir. 8/14/02), 826 So.2d 1203.