# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-0522


**STATE OF LOUISIANA**

**VERSUS**

**LESLIE OTTO ORDODI**


************

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT,
PARISH OF IBERIA, NO. 04-1145,
HONORABLE CHARLES PORTER, DISTRICT JUDGE

************

**JIMMIE C. PETERS**
**JUDGE**

************

Court composed of John D. Saunders, Jimmie C. Peters, and Billy H. Ezell, Judges.

**Saunders, J., concurs in the result with written reasons.**

                                                                **REVERSED.**



**Jeffrey J. Trosclair**
**Assistant District Attorney—Sixteenth Judicial District Court**
**St. Mary Parish Courthouse**
**Franklin, LA  70538**
**(337) 828-4100**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Richard Spears**
**Attorney at Law**
**Post Office Box 11858**
**New Iberia, LA 70562-1858**
**(337) 367-1960**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Leslie Otto Ordodi**

PETERS, J.

The defendant, Leslie Otto Ordodi, appeals his convictions for two counts of attempted armed robbery, violations of La.R.S. 14:64 and La.R.S. 14:27. For the following reasons, we reverse the defendant's convictions on both counts.

The State of Louisiana (state) charged the defendant by a single bill of information with attempted armed robbery of individuals at two separate banks on the same day, May 28, 2004. Specifically, the state charged the defendant with the attempted armed robbery of Marla Hebert and/or Marella Guidry in the first count and with the attempted armed robbery of Shelly Hughes and/or Tiffany Thibodeaux in the second count. At trial, a jury found the defendant guilty on both counts. After the trial court denied the defendant's motion for post-judgment verdict of acquittal, it sentenced the defendant to serve three years at hard labor on each count, with the sentences to run concurrently.

The defendant has appealed, asserting in his sole assignment of error that the evidence failed to establish his guilt beyond a reasonable doubt. Specifically, the defendant asserts that not only is the evidence insufficient to show that he intended to commit any armed robbery, but, even assuming that it is, it is not sufficient to show that he acted in furtherance of that intent.

When the issue of the sufficiency of the evidence is raised on appeal, the critical inquiry of the reviewing court is whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt, after viewing the evidence in the light most favorable to the prosecution. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979). It is the role of the fact finder to weigh the credibility of the witnesses, and, therefore, the appellate court should not second-guess the fact finder's credibility determinations beyond the sufficiency evaluations

under the *Jackson* standard of review. *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983). Even though we as a reviewing court should not second-guess the credibility determinations of the jury beyond the *Jackson* sufficiency evaluations, "Due Process requires the reviewing court to determine 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *State v. Mussall*, 523 So.2d 1305, 1308-09 (La.1988) (quoting *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789).

The evidence in the matter now before us is not in dispute. On the morning of May 28, 2004, Thelma Broussard had gone to the North Lewis Street branch of Regions Bank in New Iberia, Louisiana, to conduct some personal business. As she sat at the customer service desk talking to Marla Hebert, the bank's customer service representative, she observed the defendant outside the bank. As she watched the defendant, Ms. Broussard observed him remove a gun from a plastic bag and place it in his right pocket. She immediately informed Ms. Hebert of what she had observed and left the building.

When the defendant first entered the Regions Bank building, he encountered Marella Guidry, a teller in the bank, who asked if she could assist him. According to Ms. Guidry, he replied that he wanted to open an account, and she then directed him to Ms. Hebert. When he approached Ms. Hebert, she asked him to sit down, but he chose to stand. Ms. Hebert asked the defendant some questions concerning possibly opening an account. After a few questions, the defendant told Ms. Hebert that he had changed his mind, and he immediately left the building.

2

Ms. Broussard had left the bank building and entered her vehicle, but she did not immediately leave the premises. She was still in the parking lot when the defendant left the bank, got into his still-running truck, and left the premises. Ms. Broussard then reentered the bank and, after being told that the defendant had only inquired about opening an account, she too left the premises, intent upon going to a local grocery store to shop. While traveling to the grocery store, she observed the defendant's truck parked in the North Lewis Street branch of Bank One. She immediately telephoned Ms. Hebert and informed her of what she had observed. Ms. Hebert was speaking with law enforcement officers at the time Ms. Broussard telephoned.

Shelly Hughes, an employee of Bank One, was the first person to encounter the defendant at that institution on the morning of May 28, 2004. The defendant approached her in the lobby of the bank and told her that he wanted to open an account. She attempted to ask the defendant some basic questions concerning his inquiry, but did not receive satisfactory answers. The defendant then took a seat in the lobby, and Ms. Hughes turned to other business.

Tiffany Thibodeaux is Bank One's loan officer and new accounts representative. After the defendant had taken a seat in the lobby of the bank, Ms. Thibodeaux invited him to her desk to further discuss his new account inquiry. When she began to ask questions, he stated that he simply wanted a brochure. Ms. Thibodeaux provided him with a brochure, and he left the building.

As the defendant left the Bank One building, he was met by New Iberia Police Officers who had been alerted to the fact that he was armed with a pistol. Lieutenant Gregory Matthew Pete described that which followed as a "felony take down." The

officers met the defendant with drawn weapons and immediately took him into custody. In searching the defendant, the officers involved in the arrest recovered a plastic bag from one pocket and a loaded .38 caliber revolver from the other. The investigating officers also found the defendant's pickup truck in the Bank One parking lot. On the front seat of the truck was the recently removed truck license plate.

All four bank employees agreed that at no time during their short encounter with the defendant on the morning of May 28, 2004, did he pull the weapon on them or even display it to them. They further acknowledged that he had made no threatening statement, gesture, or other act that might indicate his intent to rob the bank or banks. At worst, he appeared nervous, fidgety, and in a hurry and was not properly responsive to the questions asked of him by any one of the four employees.

The offense of armed robbery is defined in La.R.S. 14:64(A) as "the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon." As defined in La.R.S. 14:2(3), a "'[d]angerous weapon' includes any gas, liquid or other substance or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm."

"An attempt is a separate but lesser grade of the intended crime . . . ." La.R.S. 14:27(C). With regard to the elements of the offense of an attempt to commit the intended crime, La.R.S. 14:27(A) provides:

> Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.

4

Additionally, "[m]ere preparation to commit a crime shall not be sufficient to constitute an attempt . . . ." La.R.S. 14:27(B)(1). To prove the offense of attempted armed robbery, the state is required "to prove that the defendant 1) had a specific intent to commit the crime of armed robbery, and 2) did an act for the purpose of and tending directly toward the commission of the crime of armed robbery." *State v. Stone*, 615 So.2d 38, 40 (La.App. 3 Cir.), *writ denied*, 623 So.2d 1302 (La.1993).

In *Stone*, the defendant entered an Exxon station after midnight, proceeded to gather several store items together, and made inquiries of the clerk on duty. Without warning, she then attacked the clerk with a knife, inflicting a cut on the clerk's neck. After a brief struggle, the clerk and another customer subdued the defendant and called the police. This court reversed the defendant's conviction for attempted armed robbery, stating the following:

> Intent is a state of mind which need not be proven as a fact, but may be inferred from the facts and circumstances of the transaction and the actions of the defendant. *State v. Boyer*, 406 So.2d 143 (La.1981). Specific intent is an ultimate legal conclusion to be resolved by the trier of fact. *State v. Graham*, 420 So.2d 1126 (La.1982).
> The above evidence does not prove, beyond a reasonable doubt, that defendant possessed the intent to take anything from the store. To convict of attempted armed robbery, there must be sufficient evidence to establish the intent to take something of value even though the act of taking need not be established. Although the defendant gathered several items off the shelves and placed them on a counter in the store, there was no overt act on the part of the defendant which would tend to show that she intended to take the items. The store video reveals that the defendant did not try to leave with the items nor did she say or do anything revealing a desire to take anything of value. The attack was away from the cash register. The circumstance that she had no money on her is not enough to imply intent, particularly since, for all the evidence shows, she may have been in possession of a credit card. The victim never testified that the defendant demanded anything of value. For all the evidence shows, the defendant's sudden attack could have been an enraged response to some imagined provocation by [the victim] in their just-concluded verbal exchange.

*Id.* at 40-41.

5

The supreme court reached a similar result with regard to a simple robbery conviction in *State v. Young*, 00-1437 (La. 11/28/01), 800 So.2d 847. In that case, the supreme court reversed an attempted simple robbery conviction of a defendant who walked into a country grocery store in the early evening and jumped onto the counter and then onto the owner of the store. As he grabbed the owner, he shouted "I got you. I got you." *Id.* at 848. The two men struggled, overturning merchandise in the store. The owner was finally able to push the defendant out of the store's rear door, and the defendant immediately fled the scene. During the struggle, the owner recognized the defendant and asked him the reason for the attack. The defendant did not respond. In reversing the defendant's conviction, the supreme court stated the following:

> The main fact to be proved by the State was that the defendant entered Hambrick's Grocery to take something of value from the owner. However, based on the evidence presented, we find that no reasonable juror could have concluded beyond a reasonable doubt that the defendant attempted to take anything of value from [the owner]. As explained above, the State simply provided no evidence tending to show that defendant had any intent to take anything of value from the grocery store or its owner. Accordingly, we find the State's evidence was insufficient to prove beyond a reasonable doubt that the defendant attempted to rob [the owner] or his grocery store. Therefore, we reverse the defendant's conviction of attempted simple robbery.

*Id.* at 852.

As in *Stone* and *Young*, the defendant in the matter before us did not demand anything of value from any of the four bank employees with whom he spoke. Unlike the defendants in *Stone* and *Young*, he took no aggressive action within the banks, inquired only about the possibility of opening an account, and left peacefully. Nonetheless, the state argues that the defendant's actions both inside and outside the

6

banks must be considered. We agree, because intent may be inferred from those actions. *See Stone*, 615 So.2d 38.

The defendant did appear in the two separate banks within minutes of each other with a pistol in his pocket. In both banks, he wore sunglasses and a baseball cap, which could be construed as an attempt to disguise himself, and, when asked to identify himself, he stated that his name was "Roy." He left his truck running while in the Regions Bank and, at some point before being apprehended, had removed the license plate from the truck and placed it in the cab of the truck. Arguably, these acts could be construed as a specific intent on the part of the defendant to commit an armed robbery.

Considering the decisions in *Stone*, 615 So.2d 38, and *Young*, 800 So.2d 847, we do not find that these acts were sufficient to be construed as constituting a specific intent. However, assuming they were, we would still reach the same decision, as none of these acts were in furtherance of the offense but were acts in mere preparation. Acts in furtherance of the offense of armed robbery require more than that which is before us in this case. *See State v. Robicheaux*, 03-1063 (La.App. 5 Cir. 12/30/03), 865 So.2d 149 (affirming a conviction for attempted armed robbery where the defendant wore a disguise, pointed a gun at the victim, attempted to enter her house, and admitted that he was going to get money), *writ denied*, 04-381 (La. 6/25/04), 876 So.2d 830; *State v. Frazier*, 37,010 (La.App. 2 Cir. 4/9/03), 843 So.2d 562 (affirming a conviction for attempted armed robbery where the defendant, who donned a ski mask and approached a convenience store only to have his plan interrupted by a deputy sheriff, confessed that he was going to rob the store), *writ denied*, 03-1333 (La. 11/21/03), 860 So.2d 542; *State v. Nguyen*, 95-1055 (La.App.

7

5 Cir. 3/26/96), 672 So.2d 988 (affirming convictions for attempted armed robbery where the defendant entered a place of business armed with a shotgun, forced the victims into a bathroom, and demanded their jewelry), *writ denied*, 96-1019 (La. 10/4/96), 679 So.2d 1377.

The common thread running through all of the cases cited herein is that the defendant initiated some manner of threatening action toward his intended victim and that action constituted an act in furtherance rather than mere preparation. In the matter now before us, the fact that the defendant had a pistol in his pocket would have never been known had not Ms. Broussard observe him place it in his pocket before entering Regions Bank. The defendant never threatened or assaulted anyone; never demanded anything of value from anyone, including the four bank employees; and did not interact with anyone at any time in a manner suggestive of an armed robbery.

Thus, we find merit in the defendant's assignment of error. Viewing the evidence in the light most favorable to the prosecution, we find that the state failed to establish beyond a reasonable doubt that the defendant had the specific intent to commit armed robbery or that he committed an act in furtherance of armed robbery. Accordingly, the evidence is insufficient to support his convictions.

**DISPOSITION**

The defendant's convictions on both counts of attempted armed robbery are hereby reversed and the sentences are set aside.

**REVERSED.**

8

NUMBER KA05-0522

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

STATE OF LOUISIANA

VERSUS

LESLIE OTTO ORDODI

SAUNDERS, J., concurs in the result.

I concur in the result reached by the majority; however, I disagree with their resolution of the specific intent issue. I believe defendant's actions do constitute specific intent but do not believe acts in furtherance of the offense were committed. Because this element is lacking, I agree that reversal is proper.